UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| F&M TOOL &PLASTICS, INC., | : CIVIL ACTION NO. 4:12-cv-40134 |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION - LAW |
| | : |
| DENNIS CONTIC d/b/a D&S SALES, | : Jury Trial Demanded |
| Defendant | : |

BRIEF IN SUPPORT OF
MOTION OF DEFENDANT DENNIS CONTIC TO DISMISS

STATEMENT OF CASE

On June 19, 2012, the Plaintiff initiated this action against the Defendant via the filing of a Complaint in the Superior Court Department of -the Trial Court, Worcester Division (Docket No. 12-1209). The Plaintiff is a Massachusetts corporation with a principal place of business in Leominster, Massachusetts and therefore, a citizen of Massachusetts. *See Complaint at ¶ 1.* The Defendant is an individual residing in Showell, Maryland and therefore, a citizen of Maryland. *See Complaint at ¶ 2.* In its Complaint, Plaintiff seeks a declaratory judgment against the Defendant.

On October 1, 2012, the action was removed from the Superior Court Department of -the Trial Court, Worcester Division to this Court. On October 17, 2012, the Court granted the motion of undersigned counsel to appear *pro hac vice* on behalf of the Defendant. On October 8, 2012, the Defendant filed a motion to dismiss. This brief is filed in support of the Defendant's motion.

## QUESTION PRESENTED

1. SHOULD THE COMPLAINT BE DISMISSED FOR THE COURT'S LACK OF PERSONAL JURISDICTION OVER THE DEFENDANT?

2. SHOULD THE COMPLAINT BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, SINCE THE DEFENDANT IS A RESIDENT OF MARYLAND AND THE CAUSE OF ACTION AROSE IN MARYLAND?

## ARGUMENT

Rule 12 of the Federal Rules of Civil Procedure permits a Defendant to file a motion to dismiss to assert the defenses of lack of personal jurisdiction of the Court over the Defendant or improper venue.

**1. THE COMPLAINT SHOULD BE DISMISSED FOR THE COURT'S LACK OF PERSONAL JURISDICTION OVER THE DEFENDANT.**

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a Defendant to file a motion to dismiss to assert the defense of lack of personal jurisdiction over the Defendant. The Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3 (2000), authorizes jurisdiction over the person to the limits allowed by the federal Constitution. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 52 (1st Cir.2002) ("[T]he Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'") (quoting *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.,* 361 Mass. 441, 443, 280 N.E.2d 423, 424 (1972)). Accordingly, the "jurisdictional analysis collapses into a single determination of whether the exercise of personal jurisdiction comports with due process." *Avocent Huntsville Corp.,* 552 F.3d at 1329.

Due process requires the court to determine whether the defendant has maintained "certain minimum contacts" with the forum state "such that the maintenance of the suit does not

offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). "Jurisdiction is proper . . . where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v.Super. Ct. of Cal., Solano County,* 480 U.S. 102, 109 (1987) (quotations and citation omitted). "In short, the Due Process Clause requires a court to determine whether a defendant 'should reasonably anticipate being haled into court there.'" *LSI Indus. Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed.Cir.2000) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

Under the 'minimum contacts' test, a Defendant may be subject to either specific jurisdiction or general jurisdiction. Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985)). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984)).

In the instant case, the Plaintiff is a Massachusetts corporation that entered into an agreement with the Defendant, who resides in Maryland. *See Complaint at ¶¶ 1 & 2.* The Defendant conducted business as D&S Sales, which is located in Maryland. *See Complaint at ¶ 2.* The purported contract in question, Exhibit A to the Complaint, does not contain a choice of law or venue provision. Since it is apparent from the Complaint that the Defendant lacks sufficient contacts with Massachusetts such that he would anticipate being haled into Court in Massachusetts, this Court lacks personal jurisdiction over the Defendant and the Complaint should be dismissed.

## 2. THE COMPLAINT SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND.

Plaintiff initiated this action in state court in Massachusetts. The Defendant removed this action to this Court based on diversity of citizenship but venue is not proper. Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a Defendant to file a motion to dismiss to assert the defense of improper venue. 28 U.S.C. § 1391 provides in relevant part the following:

> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391

The Plaintiff is a Massachusetts corporation that entered into an agreement with the Defendant, who resides in Maryland. *See Complaint at ¶¶ 1 & 2.* The Defendant conducted business as D&S Sales, which is located in Maryland. *See Complaint at ¶ 2.* The purported contract in question, Exhibit A to the Complaint, does not contain a choice of law or venue provision. Thus, pursuant to 28 U.S.C. § 1391, venue is proper only in the United States District Court for the District of Maryland.

## CONCLUSION

**WHEREFORE,** the Defendant respectfully requests that the Court grant his motion to dismiss the case against him for the Court's lack of personal jurisdiction, or in the alternative, transfer this case to the United States District Court for the District of Maryland.

**RESPECTFULLY SUBMITTED,**

Date: November 8, 2012        By:    /s/ Devon M. Jacob
                                                   **DEVON M. JACOB, ESQUIRE**
                                                   **Pa. Sup. Ct. I.D. 89182**
                                                   **Email:** dmjacob@dennisboylelaw.com

                                                   **Boyle, Autry & Murphy**
                                                   **4660 Trindle Road, Suite 200**
                                                   **Camp Hill, PA 17011**
                                                   **Telephone: (717) 737-2430**

                                                   **Counsel for Defendant**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **F&M TOOL &PLASTICS, INC.,** | : CIVIL ACTION NO. 4:12-cv-40134 |
| Plaintiff | : |
| | : |
| v. | : CIVIL ACTION - LAW |
| | : |
| **DENNIS CONTIC d/b/a D&S SALES,** | : Jury Trial Demanded |
| Defendant | : |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 8, 2012.

Richard C. Van Nostrand, Esquire
Mirick, O'Connell, DeMallie & Lougee, LLP


**Date: November 8, 2012**　　　　**By:**　　**/s/ Devon M. Jacob**
　　　　　　　　　　　　　　　　　　　　**DEVON M. JACOB, ESQUIRE**