UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

F&M TOOL & PLASTICS, INC.,
    Plaintiff

V.

DENNIS CONTIC, d/b/a D & S Sales,
    Defendant

CIVIL ACTION NO. 4:12-cv-40134-TSH

## AFFIDAVIT OF DEB FONTAINE IN SUPPORT OF PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

I, Deb Fontaine, on oath, state as follows:

1. I am the National Sales Manager of the Plaintiff F&M Tool & Plastics, Inc. ("F&M"). I am of adult age and have personal knowledge of the matters referenced herein except where otherwise indicated.

2. F&M is a Massachusetts corporation with a principal place of business in Leominster, Massachusetts.

3. The business relationship between Mr. Contic and F&M began in October 2006. F&M acquired Petwares Plus, another Massachusetts company, and Mr. Contic had been a sales representative for the prior owner of Petwares Plus for at least two or three years.

4. On or about October 25, 2006, F&M and Mr. Contic entered into an agreement whereby Mr. Contic was to serve as an independent sales representative for F&M in return for the payment of commissions. The agreement was executed by Mr. Contic and faxed back to F&M in Massachusetts.

5.  This agreement was for a time period running from August 1, 2006, through August 1, 2007. After August 1, 2007, F&M and Mr. Contic continued their relationship on an at-will basis, terminable by either party.

6.  During the nearly six years that Mr. Contic served as an independent sales representative for F&M, Mr. Contic maintained consistent contact with Massachusetts.

7.  Mr. Contic travelled to Massachusetts twice a year for F&M related business. For each visit, Mr. Contic would typically stay in Massachusetts from Monday through Thursday.

8.  During these visits to Massachusetts, Mr. Contic would participate in meetings at F&M in Leominster, Massachusetts.

9.  These meetings were attended by me, as well as our President, Mark Gasbarro, and typically a marketing representative. The purpose of Mr. Contic's meetings at F&M in Massachusetts was to discuss Mr. Contic's F&M accounts and to strategize about how he could obtain new business.

10. Mr. Contic is also a sales representative for another Massachusetts company called Innovative Design. Innovative Design is also located in Leominster, Massachusetts. Upon information and belief, Mr. Contic would often schedule meetings related to his role at Innovative Design during his visits to Massachusetts. It is my understanding that Mr. Contic also stayed in contact with individuals at Innovative Design with consistent communications via telephone and email.

11. In addition to Mr. Contic's F&M business trips to Massachusetts, Mr. Contic also routinely communicated with F&M employees in Massachusetts by telephone. Mr. Contic spoke to F&M employees in Massachusetts at least two to three times a week via telephone. He most

frequently communicated with me as I was the F&M National Sales Manager for his accounts, and with Mark Gasbarro as well.

12. Mr. Contic also communicated with me and other F&M employees, in Massachusetts by email on a very regular basis. Mr. Contic communicated with me several times per week via email. The purpose of Mr. Contic's email communications with me, the National Sales Manager of his accounts, was to discuss his customers.

13. F&M also sent Mr. Contic monthly commission payments. Those payments were processed and made in Massachusetts. Each of those checks was sent to Mr. Contic in Maryland from F&M in Massachusetts. In 2011, F&M paid Mr. Contic a total of $174,828 in commissions, and in 2012, $183,226.

14. In the spring of 2012, F&M made several written proposals to Mr. Contic to continue that relationship. Mr. Contic rejected these proposals. All of F&M's written proposals were sent to Mr. Contic from Massachusetts. Mr. Contic's responses were also sent by him to individuals at F&M in Massachusetts.

15. On or about June 11, 2012, F&M made a final proposal to Mr. Contic with an indication that the parties' relationship would terminate if the proposal was not accepted. On or about June 15, 2012, Mr. Contic rejected F&M's final proposal and the parties' relationship terminated.

16. Despite that termination, Mr. Contic has maintained that the parties' relationship is continuing and that he has the right to continue to represent F&M in the sale of its products apparently for an indefinite period of time.

17. F&M, therefore, initiated legal action seeking a judgment declaring that the sales representative relationship between the parties terminated as of June 15, 2012.

18. All of the potential witnesses in this case are located in Massachusetts, except for Mr. Contic. The individuals with knowledge of the contract entered between the parties in 2006, as well as the continuation of the at-will sales representative relationship until June 15, 2012, are F&M employees located in Massachusetts.

19. All documents related to F&M's business relationship with Mr. Contic are located in Massachusetts.

20. All orders placed for Mr. Contic's customers were processed in Massachusetts and, therefore, the related documents are in Massachusetts.

21. Mr. Contic's commission payments were processed in Massachusetts and all commission related documents are in Massachusetts as well.

22. Mr. Contic's customer accounts were national accounts and, therefore, his customers are not located in Maryland. Moreover, information related to these accounts is located at F&M in Massachusetts.

Signed under the pains and penalties of perjury this 7 day of December, 2012.

_____
DEB FONTAINE

## CERTIFICATE OF SERVICE

I, Richard C. Van Nostrand, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by U.S. first-class mail.

/s/ Richard C. Van Nostrand
Richard C. Van Nostrand, Esq.

Dated: December 7, 2012