UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| F&M TOOL &PLASTICS, INC.,   Plaintiff | : CIVIL ACTION NO. 4:12-cv-40134 : : |
| v. | : CIVIL ACTION - LAW : |
| DENNIS CONTIC d/b/a D&S SALES,   Defendant | : Jury Trial Demanded : |

**REPLY BRIEF IN SUPPORT OF MOTION OF DEFENDANT DENNIS CONTIC TO DISMISS OR IN THE ALTERNATIVE FOR CHANGE OF VENUE**

**Relevant Procedural History**

On November 8, 2012, the Defendant filed a motion to dismiss or in the alternative for a change in venue. On December 7, 2012, the Plaintiff filed a brief in opposition to the motion. On January 2, 2013, the Court issued an Order setting a Reply Brief deadline of January 4, 2013, and a Sur-Reply Brief deadline of January 11, 2013. The Defendant is filing this Reply Brief in further support of his motion to dismiss.

**Supplemental Argument**

As previously discussed in the Defendants' brief filed in support of his motion, Rule 12(b)(2) of the Federal Rules of Civil Procedure permits a Defendant to file a motion to dismiss to assert the defense of lack of personal jurisdiction over the Defendant. The Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3 (2000), authorizes jurisdiction over the person to the limits allowed by the federal Constitution. *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.,* 290 F.3d 42, 52 (1st Cir.2002) ("[T]he Supreme Judicial Court of Massachusetts has interpreted the state's long-arm statute 'as an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'") (quoting *"Automatic" Sprinkler Corp. of Am. v. Seneca Foods Corp.,* 361 Mass. 441, 443, 280 N.E.2d 423, 424

1

(1972)). Accordingly, the "jurisdictional analysis collapses into a single determination of whether the exercise of personal jurisdiction comports with due process." *Avocent Huntsville Corp.,* 552 F.3d at 1329.

Due process requires the court to determine whether the defendant has maintained "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463 (1940)). "Jurisdiction is proper . . . . where the contacts proximately result from actions by the defendant *himself* that create a substantial connection with the forum State." *Asahi Metal Indus. Co. v.Super. Ct. of Cal., Solano County,* 480 U.S. 102, 109 (1987) (quotations and citation omitted). "In short, the Due Process Clause requires a court to determine whether a defendant 'should reasonably anticipate being haled into court there.'" *LSI Indus. Inc. v. Hubbell Lighting, Inc.,* 232 F.3d 1369, 1375 (Fed.Cir.2000) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

Under the 'minimum contacts' test, a Defendant may be subject to either specific jurisdiction or general jurisdiction. Specific jurisdiction 'arises out of' or 'relates to' the cause of action even if those contacts are 'isolated and sporadic.'" *Id.* (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472–73 (1985)). "General jurisdiction arises when a defendant maintains 'continuous and systematic' contacts with the forum state even when the cause of action has no relation to those contacts." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16 (1984)).

Furthermore, Rule 12(b)(3) of the Federal Rules of Civil Procedure permits a Defendant to file a motion to dismiss to assert the defense of improper venue. 28 U.S.C. § 1391 provides in relevant part the following:

> **(b) Venue in general.**--A civil action may be brought in--
> **(1)** a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> **(2)** a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> **(3)** if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
> 28 U.S.C. § 1391

Plaintiff essentially argues that because Mr. Contic visited Massachusetts a few times for a few days, periodically exchanged emails and telephone calls with people in Massachusetts, and received commission checks that originated in Massachusetts, the Courts in Massachusetts should be permitted to exercise personal jurisdiction over him. Similarly, Plaintiff argues that venue is proper for the same reason. The Massachusetts long-arm statute, Due Process Clause of the Federal Constitution, and 28 U.S.C. § 1391, however, exist for the purpose of preventing the injustice that Plaintiff is attempting to accomplish.

Mr. Contic is the owner and president of D&S Sales, Inc., which on December 1, 1997, was incorporated in the Commonwealth of Pennsylvania. *Affidavit of Dennis Contic, Defendant's Exhibit 1, at ¶ 1.* For the past 14 years, D&S Sales, Inc.'s, main office has been located in the State of Maryland, where Mr. Contic has also resided for the past 14 years. *Id. at ¶ 2.* If Mr. Contic is forced to litigate this case in the Commonwealth of Massachusetts, it will be (and has already been) a significant financial hardship on both his company and him. *Id. at ¶ 3.*

On October 25, 2006, F&M Tool & Plastic, Inc., operating through CEO Jeffrey Chizmas, sent Mr. Contic a contract to be an independent sales representative for F&M Tool & Plastic, Inc. *Id. at ¶ 4.* On October 30, 2006, Mr. Contic executed the contract with F&M Tool & Plastic, Inc. *Id. at ¶ 5.* The contract was executed in the State of Maryland. *Id. at ¶ 6.*

F&M Tool & Plastic, Inc. drafted the contract, which did not provide that Mr. Contic could be sued in the Commonwealth of Massachusetts. *Id. at ¶ 7.* At no time did F&M Tool & Plastic, Inc., or anyone in its employ, ever advise Mr. Contic that he could be sued in the Commonwealth of Massachusetts. *Id. at ¶ 8.* Moreover, Mr. Contic had no reason to believe that he could be sued in the Commonwealth of Massachusetts. *Id. at ¶ 9.* Had he known, he would have objected to the choice of venue, because unlike F&M Tool & Plastic, Inc., he is self-employed, with no other employees. *Id. at ¶ 10.*

On April 24, 2007, Mr. Mike Nichols, the then National Sales manager for F&M Tool & Plastic, Inc., sent Mr. Contic a written amendment to the contract. *Id. at ¶ 11.* Once again, the amendment was drafted by F&M Tool & Plastic, Inc., with no mention of the Commonwealth of Massachusetts as the venue for any legal dispute. *Id. at ¶ 12.* Likewise, F&M Tool & Plastic, Inc., never advised Mr. Contic that any dispute would need to be litigated in the Commonwealth of Massachusetts. *Id. at ¶ 13.* Once again, the amendment was executed in the State of Maryland. *Id. at ¶ 14.*

When F&M Tool & Plastic, Inc., provided Mr. Contic with business cards that they wished for him to use while representing the company, F&M Tool & Plastic, Inc., held Mr. Contic out to the public as being headquartered in the State of Maryland only. *Id. at ¶ 15.* Specifically, F&M Tool & Plastic, Inc., placed Mr. Contic's State of Maryland address and his State of Maryland telephone and fax numbers only on the card. *Id. at ¶ 16.* Mr. Contic always believed that since F&M Tool & Plastic, Inc., wanted to employ him as an independent sales representative, despite knowing that he resided in the State of Maryland and that his company is headquartered in the State of Maryland, F&M Tool & Plastic, Inc., was willing to conduct all

significant business matters with him in the State of Maryland; especially since F&M Tool & Plastic, Inc., never communicated a different intent. *Id. at ¶ 17.*

Contrary to what Plaintiff claims, from 2006 to 2012, Mr. Contic's business records indicate that he only ever visited F&M Tool & Plastic, Inc., in the Commonwealth of Massachusetts, one time in each of the years 2007, 2008, 2009, and 2010, and each visit for only a few days. *Id. at ¶ 18.* All administrative matters for D&S Sales, Inc., including the receipt of mail and telephone calls, were (and are) conducted in the State of Maryland. *Id. at ¶ 19.* Neither D&S Sales, Inc. nor Mr. Contic have ever had a bank account in the Commonwealth of Massachusetts and have never cashed a check in the Commonwealth of Massachusetts; rather, D&S Sales, Inc., and Mr. Contic have bank accounts in the State of Maryland. *Id. at ¶ 20.* Mr. Contic does not pay any personal or corporate taxes to the Commonwealth of Massachusetts; rather, he pays taxes to the Commonwealth of Pennsylvania (where his company is incorporated) and to the State of Maryland (where he resides and conducts business). *Id. at ¶ 21.* Mr. Contic has never had a driver's license in the Commonwealth of Massachusetts or any other form of identification that identifies his company or him as being residents of the Commonwealth of Massachusetts; rather, he has a driver's license in the State of Maryland. *Id. at ¶ 22.* Finally, Mr. Contic has neither lived nor had an office in the Commonwealth of Massachusetts; rather, he has a residence and office in the State of Maryland. *Id. at ¶ 23.*

It is clear from Plaintiff's Brief in Opposition to Mr. Contic's motion that Mr. Contic lacks sufficient contacts with Massachusetts such that he would anticipate being haled into Court in Massachusetts. Likewise, because Mr. Contic and his company reside in the State of Maryland and because the events in question occurred in the State of Maryland (or in states other than the

Commonwealth of Massachusetts),[1] venue is proper only in the State of Maryland.  Therefore, it is respectfully requested that Plaintiff's Complaint be dismissed for lack of personal jurisdiction, or transferred to the United States District Court for the District of Maryland.

## Conclusion

**WHEREFORE,** the Defendant respectfully requests that the Court grant his motion to dismiss the case against him for the Court's lack of personal jurisdiction, or in the alternative, transfer this case to the United States District Court for the District of Maryland.

**RESPECTFULLY SUBMITTED,**

**Date: January 4, 2013**          **By:**     **/s/ Devon M. Jacob**
                                               **DEVON M. JACOB, ESQUIRE**
                                               **Pa. Sup. Ct. I.D. 89182**
                                               **Email:** dmjacob@dennisboylelaw.com

                                               **Boyle, Autry & Murphy**
                                               **4660 Trindle Road, Suite 200**
                                               **Camp Hill, PA 17011**
                                               **Telephone: (717) 737-2430**

                                               **Counsel for Defendant**

---

[1] Contrary to Plaintiff's contention, the accounts in question and related witnesses are located in states other than the Commonwealth of Massachusetts: <u>North Carolina</u>: Family Dollar: Witnesses: Ron Prisby, Tracy Rule, Rick White and John Scanlon; Lowes: Witnesses: Frank Loncar, Nicole Thompson, and Paula Matlock; and Variety Wholesalers: Witnesses: Candy Stevens and Jack Page; <u>Ohio</u>: Big Lots: Witness: Megan Mellquist; and <u>Virginia</u>: Dollar Tree: Witnesses: Mark Russell and Chris Hackenburg.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **F&M TOOL &PLASTICS, INC.,** | **: CIVIL ACTION NO. 4:12-cv-40134** |
| **Plaintiff** | **:** |
| | **:** |
| **v.** | **: CIVIL ACTION - LAW** |
| | **:** |
| **DENNIS CONTIC d/b/a D&S SALES,** | **: Jury Trial Demanded** |
| **Defendant** | **:** |

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on January 4, 2013.

    Richard C. Van Nostrand, Esquire
    Mirick, O'Connell, DeMallie & Lougee, LLP


**Date: January 4, 2013**       **By:**    **/s/ Devon M. Jacob**
                                                **DEVON M. JACOB, ESQUIRE**